# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:08-cr-00103-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| LORENZO KENYON MASON, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon the Defendant's "Motion under Section 404 of the First Step Act" [Doc. 60].

On October 8, 2008, the Defendant was charged in a three-count Bill of Indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1) (Count One); possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count Two); and possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Three). [Doc. 1]. The Defendant pled guilty pursuant to a written plea agreement to the § 924(c) charge contained in Count Three. [Doc. 11]. At sentencing, the Defendant was sentenced to a term of 60 months' imprisonment. [Doc. 19]. The Government appealed,

arguing that the Court should have sentenced the Defendant as a career offender. [Doc. 22 ]. On appeal, the United States Court of Appeals for the Fourth Circuit vacated and remanded the case for a new sentencing. [Doc. 28]. On remand, this Court found the Defendant to be a career offender and sentenced him to a term of 262 months' imprisonment. [Doc. 35]. The Court of Appeals dismissed the Defendant's subsequent appeal. [Doc. 48].

The Defendant now moves for a reduction of his sentence pursuant to Section 404 of the First Step Act of 2018. [Doc. 60].

The First Step Act of 2018, Pub. L. 115-391, was signed into law on December 21, 2018. Section 404 of the Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Sections 2 and 3 of the Fair Sentencing Act of 2010 increased the quantity of cocaine base required to trigger the enhanced penalties of 21 U.S.C. § 841 and eliminated the mandatory minimum for simple possession of cocaine base under 21 U.S.C. § 844(a).

Here, the Defendant pled guilty to and was convicted of the charge of possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). The Defendant is not eligible for relief under Section 404 of the First Step Act because he was not convicted of a "covered offense" under Section 404(a)'s definition.

Accordingly, **IT IS, THEREFORE, ORDERED** that the *pro se* Defendant's "Motion under Section 404 of the First Step Act" [Doc. 60] is **DENIED**.

**IT IS SO ORDERED.**

Signed: March 9, 2020

Martin Reidinger
United States District Judge