# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:08-cr-00103-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>LORENZO KENYON MASON, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court upon the Defendant's "Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [sic]" [Doc. 62].

I.   **BACKGROUND**

On October 8, 2008, the Defendant was charged in a three-count Bill of Indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1) (Count One); possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count Two); and possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Three). [Doc. 1].

The Defendant pled guilty pursuant to a written plea agreement to the § 924(c) charge contained in Count Three. [Doc. 11]. At sentencing, the

Defendant was sentenced to a term of 60 months' imprisonment. [Doc. 19]. The Government appealed, arguing that the Court should have sentenced the Defendant as a career offender. [Doc. 22]. On appeal, the United States Court of Appeals for the Fourth Circuit vacated and remanded the case for a new sentencing. [Doc. 28]. On remand, this Court found the Defendant to be a career offender and sentenced him to a term of 262 months' imprisonment. [Doc. 35]. The Court of Appeals dismissed the Defendant's subsequent appeal. [Doc. 48].

The Defendant now moves for a compassionate release. [Doc. 62]. He further requests the appointment of counsel to assist him in seeking a reduced sentence. [Id.]. The Defendant is currently incarcerated at FCI McDowell, and his projected release date is August 15, 2028.[1]

## II. DISCUSSION

The Defendant purports to move for a compassionate release pursuant to 18 U.S.C. § 3582(c)(2). [Doc. 62]. That section, however, provides that the Court may modify a term of imprisonment if the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission…." 18 U.S.C. §

---

[1] See https://www.bop.gov/inmateloc/ (last visited May 25, 2021).

3582(c)(2). The Defendant does not contend that his sentencing range was subsequently lowered by the Sentencing Commission, and therefore, this section is not applicable here.

Motions for compassionate release are governed by 18 U.S.C. § 3582(c)(1)(A). That section, as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, it appears that the Defendant has sufficiently exhausted his administrative remedies with BOP by requesting compassionate release from the Warden. [Doc. 62-1 at 1]. Accordingly, the Court will proceed to address the merits of the Defendant's compassionate release request.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must

also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id. The Fourth Circuit has held

The Defendant appears to assert three bases for his request for compassionate release. First, the Defendant argues that he is entitled to a sentence reduction because his conviction is now deemed a "covered offense" within the meaning of the First Step Act of 2018. [Doc. 62 at 5]. He further contends that the First Step Act's "elimination of sentence stacking under 924(c) allows the court to grant relief upon Defendant's Request for Compassionate Release." [Id.]. He also argues that, due to the COVID-19 pandemic, he is "fearful for his life and has been exposed to the virus with little proper medical attention." [Id.]. The Court will address each of these grounds in turn.

First, the Defendant's arguments regarding the applicability of the First Step Act of 2018are meritless. Section 404 of the Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Sections 2 and 3 of the Fair Sentencing Act of 2010 increased the quantity of cocaine base required to

4

trigger the enhanced penalties of 21 U.S.C. § 841 and eliminated the mandatory minimum for simple possession of cocaine base under 21 U.S.C. § 844(a). Here, however, the Defendant pled guilty to and was convicted of the charge of possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). The Defendant was not convicted of a "covered offense" under Section 404(a)'s definition and therefore is not entitled to relief under Section 404 of the Act.

Similarly, the Defendant is not entitled to relief under Section 403 of the First Step Act. Section 403 amended the language of 18 U.S.C. § 924(c)(1)(C) by striking "second or subsequent conviction under this subsection" and inserting "violation of this subsection that occurs after a prior conviction under this subsection has become final." First Step Act of 2018 § 403(a), Pub. L. 115-391, 132 Stat. 5194, 5221-22 (2018). In essence, this amendment eliminated the "stacking" of multiple § 924(c) charges in the same indictment to qualify for the 25-year mandatory minimum for a second or subsequent conviction under § 924(c)(1)(C)(i). Here, however, the Defendant was not subject to any "stacking" of multiple § 924 charges. He was convicted of a single offense under that statute.

As for the Defendant's third basis—namely, his susceptibility to the coronavirus—the Defendant offers no details to support his claim, stating

only "due to this present crisis of COVID-19 in the prison population, Petitioner is fearful for his life and has been exposed to the virus with little proper medical attention." [Doc. 62 at 5]. The fact that the Defendant faces a potential risk of contracting the virus while incarcerated, without more, is not sufficient to justify the relief he requests. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). For all these reasons, the Defendant's motion for compassionate release is denied.

Finally, the Defendant moves for the appointment of counsel to represent him in pursuing a sentence reduction. The Defendant's request must be denied. The Defendant has no constitutional right to the appointment of counsel to file post-conviction motions. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (citing Coleman v. Thompson, 501 U.S. 722, 756-57 (1991)); Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004) (citing Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987) (no constitutional right to counsel beyond first appeal of right)). The Court may, in some circumstances, appoint counsel to represent a prisoner

when the interests of justice so require and the prisoner is financially unable to obtain representation. See 18 U.S.C. § 3006A(a)(2)(B). In the instant case, however, the Defendant has failed to demonstrate that the interests of justice warrant the appointment of counsel. See United States v. Riley, 21 F. App'x 139, 141-42 (4th Cir. 2001).

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" [Doc. 62] is **DENIED**.

**IT IS SO ORDERED.**

Signed: May 31, 2021

Martin Reidinger
Chief United States District Judge