THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:08-cr-00103-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | O R D E R |
| ) | |
| LORENZO KENYON MASON, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Reduction of Sentence/Compassionate Release Pursuant to 18 U.S.C. Section 3582(c)(1)(A). [Doc. 64].

**I.  BACKGROUND**

In February 2008, the Defendant Lorenzo Kenyon Mason, who was a documented member of the Blood Nation gang, was found to be carrying a loaded gun and eight rocks of crack during a traffic stop. [Doc. 17: PSR at ¶ 6]. During the stop, the Defendant kept his hand in his right pocket, tried to walk away from officers, and briefly struggled with officers as they attempted to get control of his right hand before handcuffing him. [Id.]. Officers found the gun in his right pocket. [Id.]. The Defendant, who was 21 years old at the time of the stop, already had prior felony convictions for conspiracy to

discharge a weapon into occupied property and possession with intent to sell cocaine. [Id. at ¶ 9].

A federal grand jury subsequently indicted the Defendant and charged him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); possession with intent to distribute less than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). [Doc. 1: Indictment]. The Defendant entered into a written plea agreement with the Government and agreed to plead guilty to the § 924(c) offense in exchange for the dismissal of the other two counts. [Doc. 11: Plea Agreement].

In anticipation of sentencing, the probation office prepared a presentence report, determining that the Defendant was a career offender under U.S.S.G. § 4B1.1 because he had been convicted of felony conspiracy to discharge a weapon into occupied property and felony possession with intent to sell and deliver cocaine. [Doc. 17: PSR at ¶ 16]. After a three-offense-level reduction for acceptance of responsibility, the Sentencing Guidelines advised a sentence of 262 to 327 months. [Id. at ¶¶ 16, 52]. At sentencing, this Court, the Honorable Lacy H. Thornburg presiding, declined to apply the career offender enhancement and sentenced the Defendant to

60 months' imprisonment, the statutory minimum sentence for a violation of § 924(c). [Doc. 23: Sent. Tr. at 7-9; Doc. 19: Judgment at 2].

The Government appealed. On appeal, the Fourth Circuit vacated the sentence and remanded, holding that the Defendant's conviction for felony conspiracy to discharge a weapon into occupied property was a crime of violence and thus a valid predicate for the career offender enhancement. [Doc. 28: 4th Cir. Op. entered Aug. 23, 2010]. On remand, this Court[1] sentenced the Defendant to 262 months' imprisonment, at the low end of the career offender guidelines range. [Doc. 35: Amended Judgment at 2; Doc. No. 17: PSR at ¶ 52].

The Defendant appealed the Amended Judgment, but the Fourth Circuit dismissed his appeal because he had waived his right to appeal when he pled guilty. United States v. Mason, No. 11-4174, Docs. 30, 36. In October 2011, the Defendant moved to vacate his conviction under 28 U.S.C. § 2255. [Doc. 50]. The Court dismissed his motion, holding that the Defendant had waived his right to file a post-conviction challenge when he pled guilty. [Doc. 51].

---

[1] Upon Judge Thornburg's retirement in 2009, this matter was assigned to the undersigned.

3

In March 2020, the Defendant filed a motion under the First Step Act of 2018 seeking to reduce his sentence. [Doc. 60]. The Court denied his motion, holding that the Defendant was not eligible for relief because he was not convicted of a "covered offense" under § 404(a). [Doc. 61]. In April 2021, the Defendant filed a motion for compassionate release, arguing that he was entitled to relief under § 404 of the First Step Act because he was convicted of a covered offense and under § 403 of the First Step Act, which eliminated "sentence stacking" in the context of § 924(c) convictions. [Doc. 62]. He also argued that he feared for his life because of the COVID-19 pandemic. [Id.]. The Court denied this motion, holding that the Defendant was not convicted of a "covered offense" for purposes of § 404, was not subject to sentence stacking for purposes of § 403, and had not demonstrated extraordinary and compelling reasons based on the risk of contracting COVID-19. [Doc. 63].

In July 2024, the Defendant filed the present motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). [Doc. 64]. For grounds, he argues that he is entitled to release in light of his unusually long sentence, the fact that he would no longer be considered a career offender, his youth at the time of his offense, and his efforts at rehabilitation. [Id. at 2]. He further contends that the § 3553(a) factors weigh in favor of early release. [Id.]. The

Government was ordered to respond to the Defendant's motion. [Text-Only Order entered Aug. 2, 2024]. The Government filed its response opposing relief on August 23, 2024, [Doc. 68], and the Defendant filed a Reply, [Doc. 69].

The Defendant is currently incarcerated at FCI Memphis, and his projected release date is August 15, 2028.[2]

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Defendant has presented evidence that he has exhausted his administrative rights with the BOP. [See Doc. 64-1]. Accordingly, the Court will proceed to address the merits of the Defendant's compassionate release request.

---

[2] See Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed Oct. 28, 2024).

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. The Sentencing Commission amended § 1B1.13 effective November 1, 2023, to address the amendment to § 3582(c)(1)(A) authorizing courts to grant a motion for a sentence reduction based on a defendant's own motion. The amended policy statement also sets forth a list of specified extraordinary and compelling reasons, considered either singly or in combination, that can warrant a reduction in sentence, including (1) the defendant's medical circumstances, including a terminal illness or serious medical or physical condition that substantially diminishes the defendant's ability to provide self-care or requires long-term or specialized medical care; (2) the defendant's age, if the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health, and has served at least 10 years or 75 percent of

6

his or her term of imprisonment; (3) the defendant's family circumstances, such as the death or incapacitation of the caregiver for the defendant's child, or where the defendant would be the only available caregiver for an incapacitated family member; (4) whether the defendant was a victim of abuse while in custody; (5) any other reasons that are similar in gravity to the aforementioned reasons; and (6) in the event of an "unusually long sentence," the defendant has served at least 10 years of the term of imprisonment, and there has been a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) that would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed. Id. § 1.B1.13(b)(1)-(6). With respect to rehabilitation, the policy statement states that a defendant's rehabilitation, by itself, is not an extraordinary and compelling reason for compassionate release, but "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." Id. § 1B1.13(d).

Here, the Defendant was sentenced to a term of 262 months based upon his status as a career offender, and he has served more than 10 years of that term of imprisonment. See id. § 1B1.13(b)(6). The Defendant

7

Case 1:08-cr-00103-MR    Document 70    Filed 11/04/24    Page 7 of 13

contends that his 262-month sentence constitutes an unusually long sentence because, under current caselaw,[3] his conviction for conspiracy to discharge a weapon into occupied property is not a crime of violence and thus he would not be sentenced today as a career offender. [Doc. 64 at 5].

The Government concedes that if the Defendant were sentenced today, the career offender designation would not apply. [Doc. 68 at 8]. Nevertheless, even without a career offender designation, the Government argues that a 262-month sentence for a firearms offense in furtherance of a drug trafficking crime, committed a mere 13 months after his release from prison on a drug-related conviction and after other convictions for drug trafficking and violent crimes, is not "unusually long." [Doc. 68 at 9-10]. However, without the career offender designation, the Defendant's advisory guidelines sentence would be 60 months, the minimum term of imprisonment required by § 924(c). See U.S.S.G. §2K2.4(b). Such a drastic change in the application of the Guidelines from the prior holding of the Fourth Circuit in

---

[3] The Court notes that the Defendant's career offender status was the subject of two appeals to the Fourth Circuit Court of Appeals, both of which were decided against the Defendant. In the first, the Court of Appeals reversed the trial court's decision that the Defendant was not a career offender. In the second, the Defendant's appeal was dismissed. As such, the Defendant's career offender designation is the law of the case. This fact, however, does not preclude the Court re-examining the Defendant's sentence in light of United States v. McCoy, 981 F.3d 271 (4th Cir. 2020) and United States v. Davis, 99 F.4th 647 (4th Cir. 2024).

8

this case, without any retroactive amendment to the applicable Guideline provisions, calls for a close examination of the facts underlying the Defendant's sentence. It is uncontested that the Defendant still has one career offender predicate. The other was for conspiracy to discharge a firearm into occupied property. Even though it has been determined, using the "categorical approach," that this is not a "crime of violence" and thus no longer a career offender predicate, this does not lessen the fact that the Defendant's prior criminal conduct posed a great danger to the lives of others. As such, even today the Defendant's criminal history would give rise to the examination of these facts as something of an "imperfect career offender predicate." Nonetheless, giving the Defendant the benefit of the doubt, and considering the great disparity between the relative Guideline calculations, the Court will consider the Defendant's sentence as "unusually long."

Having determined that the Defendant has served at least 10 years of an "unusually long sentence," the Court now turns to the issue of whether there has been a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) that would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed. At the time that the Defendant

9

was sentenced, the offense of conspiracy to discharge a firearm into an occupied building qualified as a crime of violence under the career offender guideline's residual clause in U.S.S.G. § 2B1.2(a)(2).  See United States v. Mason, 392 F. App'x 171, 173 (4th Cir. 2010) (unpublished).  The Sentencing Commission removed the career offender guideline's residual clause in 2016.  See Amendment 798, Supp. to App'x C.  Without the residual clause, conspiracy to discharge a firearm into occupied property is no longer a crime of violence under the career offender guideline.  See United States v. Parral-Dominguez, 794 F.3d 440, 445 (4th Cir. 2015) (holding that discharging a firearm into occupied property does not constitute a crime of violence under the identically worded use-of-physical-force clause in U.S.S.G. § 2L1.2).

The Government contends that the Defendant cannot rely on the deletion of the residual clause from the career offender guideline to establish a change in the law for the purpose of subsection (b)(6) because the Sentencing Commission did not make Amendment 798 retroactive.  Prior to § 1B1.13(b)(6)'s enactment, the Fourth Circuit held that non-retroactive changes in the law could constitute extraordinary and compelling reasons for compassionate release.  See United States v. McCoy, 981 F.3d 271, 286-88 (4th Cir. 2020).  The Court has continued to so hold even after § 1B1.13(b)(6) took effect on November 1, 2023.  See United States v. Davis, 99 F.4th 647,

658 (4th Cir. 2024) (noting that the 2023 amendments "serve to confirm and amplify [McCoy]" and remanding for the district court to consider the defendant's "argument that he no longer qualifies as a career offender"). As such, "[n]onretroactive changes in law remain relevant when a court has to decide when and how to modify a sentence." Id.; see also United States v. Worlds, No. 21-7535, 2024 WL 3439422, at *1 (4th Cir. July 16, 2024) (remanding to consider change in sentencing law where defendant was sentenced as career offender but would not be today); United States v. Smith, No. 22-6439, 2024 WL 3042894, at *1-*2 (4th Cir. June 18, 2024) (same). Thus, the Government's arguments that non-retroactive changes in sentencing laws cannot support a request for compassionate release are unavailing. Therefore, based on the foregoing, the Court concludes that the Defendant's current sentence of 262 months is "unusually long" and amounts to an exceptional and compelling circumstance supporting a reduction in his sentence.

Having determined that the Defendant has demonstrated extraordinary and compelling reasons for his early release, the Court turns to the § 3553(a) factors to determine whether a sentence reduction is warranted.

Here, several factors weigh against a reduction in the Defendant's sentence. For instance, the nature of the Defendant's offense conduct was

11

undoubtedly serious, as it involved the trafficking of dangerous drugs and the use of a firearm. At the time of his arrest, the Defendant attempted to walk away from the officers and struggled with them while keeping his right hand in a pocket, where he had a gun. By the time of his conviction, at the age of 22, the Defendant was a documented gang member and had a criminal history of Category IV, including several drug-related crimes and a conviction for conspiracy for shooting a firearm into an occupied vehicle, as well as the "imperfect career offender" designation addressed supra. Furthermore, he committed the present offense when he had been out of prison for only 13 months.

While incarcerated, the Defendant incurred seven disciplinary infractions, including infractions for possessing a dangerous weapon, interfering with staff, possessing a hazardous tool, abuse of phone privileges, and refusing to obey an order. [Doc. 68-2]. Notably, however, the Defendant has not incurred any disciplinary infractions since 2020, and he has completed 60 educational courses, including obtaining his GED. [Id.]. This improvement in the Defendant's behavior over time suggests that he has made some commendable efforts to rehabilitate himself while incarcerated.

In addition to his efforts at rehabilitation, the Court also finds that the disparity between the Defendant's current sentence and the sentence he would likely receive today counsels in favor of reducing the Defendant's sentence.

On balance, the relevant § 3553(a) factors do not presently warrant a reduction of the Defendant's sentence to time served, as he requests. However, the Court concludes that a more modest reduction is appropriate. Therefore, the Court will exercise its broad discretion and reduce Defendant's sentence by three years, to a term of 226 months.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion for compassionate release [Doc. 64] is **GRANTED IN PART**, and the Defendant's sentence is hereby **REDUCED** by a total of **THIRTY-SIX (36) MONTHS** to a term of **TWO HUNDRED AND TWENTY-SIX (226) MONTHS**. In all other respects, the Amended Judgment in this matter [Doc. 35] remains unchanged.

The Clerk of Court is respectfully directed to prepare an amended judgment consistent with this Order.

**IT IS SO ORDERED.**

Signed: November 4, 2024

Martin Reidinger
Chief United States District Judge